**Mary PERUGINI–CHRISTEN,**
**Plaintiff,**

v.

**HOMESTEAD MORTGAGE COMPANY and Reliance Standard Life Insurance Company, Defendants.**

No. 1:00 CV 57.

United States District Court,
N.D. Indiana,
Fort Wayne Division.

Aug. 30, 2000.

ject matter jurisdiction. *See supra* footnote 2.

Richard I. Snouffer, Snouffer and Snouffer, Fort Wayne, IN, Alan VerPlanck, James Fenton, Eilbacher Scott Inc., Fort Wayne, IN, for Mary Perugini–Christen, plaintiff.

Walter J. Goldsmith, Doepken Keevican and Weiss, Southfield, MI, for Homestead Mortgage Company, defendant.

Richard R. Skiles, Skiles and Cook, Indianapolis, IN, for Reliance Standard Life Insurance Company, defendant.

### MEMORANDUM OF DECISION AND ORDER

WILLIAM C. LEE, Chief Judge.

This matter is before the court for ruling on cross-motions for partial summary judgment filed by the defendant, Reliance Standard Insurance Company ("Reliance") and plaintiff, Mary Perugini–Christen ("Plaintiff") on July 3, 2000 and July 18, 2000 respectively. Thereafter, the parties filed responses in opposition to the respective motions on July 18, 2000 and August 18, 2000. Plaintiff replied on August 23, 2000 and Reliance chose not to reply.

For the following reasons, Plaintiff's motion for partial summary judgment will be GRANTED. Reliance's motion for partial summary judgment will be DENIED.

### DISCUSSION

Plaintiff initiated the instant Declaratory Judgment action pursuant to the provisions of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1441(c) seeking a declaration that the defendants improperly computed benefits due and owing to her under a long-term disability benefit policy, (hereafter, "LTD Plan"). The sole issue before the court in the present motions concerns the proper scope of judicial review of decisions by plan administrators of ERISA welfare or pension plans. In particular, the issue presented by the parties is whether language in plan documents that benefits shall be paid if an insured "submits satisfactory proof of Total Disability to us [Reliance]" confers upon the administrator a power of discretionary judgment so that a

court may set aside that judgment only if it was "arbitrary and capricious" rather than merely incorrect, the standard applied when review is *de novo*. After thoroughly reviewing the case authorities presented by the parties which included the Seventh Circuit's decision in *Herzberger v. Standard Insurance Company*, 205 F.3d 327 (7th Cir.2000), the court concludes that the appropriate standard of review is plenary (*de novo*).

Summary judgment is only appropriate by the very terms of Rule 56(c) where there exists "no genuine issue as to any material facts and ... the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56. This notion applies equally where, as here, opposing parties each move for summary judgment in their favor pursuant to Rule 56. *I.A.E., Inc. v. Shaver*, 74 F.3d 768, 774 (7th Cir.1996). Thus, when cross-motions for summary judgment are filed, the "[c]ourt must take a dual perspective: [e]ach movant has the burden of establishing the absence of any genuine issue of material fact on its own motion." *ITT Industrial Credit Co. v. D.S. America, Inc.*, 674 F.Supp. 1330, 1331 (N.D.Ill.1987).

In this case, the parties agree on the relevant facts but are diametrically opposed as to how those facts relate to the law of this circuit. Thus, the court shall briefly set forth the undisputed facts and turn then to an examination of the law.

The Plaintiff is "Totally Disabled" and entitled to benefits under a contract of insurance issued by Reliance and purchased by her former employer, Homestead Mortgage Company, a nonparty to the instant round of motions. The entirety of the dispute between the parties is that Plaintiff contends she has been shortchanged by Reliance in the amount of benefits it determined was payable to her. Whether this argument wins the day is a question to be entertained on another occasion. In the meantime, Plaintiff asserts that the Insuring Clause of the LTD Plan, namely this language: "We will pay a Monthly Benefit if an insured ... (4) submits satisfactory proof of Total Disability to us," confers upon the plan administrator no clear discretionary authority to determine benefits and thus, requires this court to apply *de novo* review to the plan administrator's determination of benefits. In contrast, Reliance asserts that the above-quoted plan language clearly requires the court to give deference to the plan administrator's determination.

In *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989), the Supreme Court was called on to set out the appropriate standard of review in ERISA cases arising under 29 U.S.C. § 1132(a)(1)(B), the subsection under which challenges to benefit eligibility determinations are brought. The ERISA statute itself had not given a standard of review. Applying principles of trust law, the Court held "that a denial of benefits challenged under § 1132(a)(1)(B) is to be reviewed under a de novo standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Bruch*, 489 U.S. at 115, 109 S.Ct. at 956. Thus, the presumed standard is *de novo* in the absence of language in the plan documents giving the administrator discretionary authority to determine benefit eligibility. Indeed, "in doubtful cases" there is a presumption of full judicial review. *Herzberger*, 205 F.3d at 330.

*Firestone* provides only a starting point in the analysis, for it is this court's obligation to determine whether the particular plan language here confers clear discretionary authority on the plan administrator sufficient to permit deferential review. On this issue, we are guided by the Seventh Circuit's recent decision in *Herzberger*. In that case, the Seventh Circuit, seeking to "clarify" the standard of review for ERISA cases, held that "the mere fact that a plan requires a determination of eligibility or entitlement by the administrator, or requires proof or satisfactory proof of the

applicant's claim or requires both a determination and proof (or satisfactory proof), does not give the employee adequate notice that the plan administrator is to make a judgment largely insulated from judicial review by reason of being discretionary." *Id.* at 331. As part of its analysis, the Seventh Circuit provided the following compelling public policy argument, an extensive recitation of which is helpful here:

> An ERISA plan can likewise specify that the administrator has discretion in interpreting or applying it (and we're about to suggest language to make such specification plain and unequivocal), but the conferral of discretion is not to be assumed. Especially not when we consider the importance of the fringe benefits covered by ERISA plans to modern employees. An employee's decision with regard to the purchase of medical insurance and the provision of resources for retirement will often depend critically on his understanding of his rights under his employer's ERISA plan. The very existence of "rights" under such plans depends on the degree of discretion lodged in the administrator. The broader that discretion, the less solid an entitlement the employee has and the more important it may be to him, therefore, to supplement his ERISA plan with other forms of insurance. In these circumstances, the employer should have to make clear whether a plan confers solid rights or merely the "right" to appeal to the discretion of the plan's administrator.

*Id.* at 331 (internal citations omitted).

■ Both the public policy endorsed by the Seventh Circuit in *Herzberger* as well as the holding itself inspire the same result in this case. The language in the instant policy is not far removed, if it can be distinguished at all, from the type of language found insufficient to confer discretion on the plan administrator in *Herzberger*. The instant policy requires the claimant to submit "satisfactory proof" to Reliance which, as was indicated in *Herz-*

*berger,* does not give the employee adequate notice that the plan administrator is to make a judgment largely insulated from judicial review by reason of being discretionary. *Id.* at 330. Indeed, as *Herzberger* makes clear, discretionary authority by a plan administrator may not be assumed but should be clear to an employee on its face.

Despite the persuasive arguments in *Herzberger*, Reliance points to decisions in other circuits whereby the same language contained in the instant policy has been found to confer discretion on the plan administrator and argues that this court should adopt the reasoning in those cases. *See Wilcox v. Reliance Standard Life Insurance Co.,* 1999 WL 170411 (4th Cir. March 23, 1999); *Yeager v. Reliance Standard Life Insurance Co.,* 88 F.3d 376 (6th Cir.1996). Similarly, Reliance points out that even the Seventh Circuit, prior to *Herzberger*, held that an entitlement to benefits conditioned on the submission of proof "satisfactory to us" was sufficient to confer discretion in the plan administrator. *See Donato v. Metropolitan Life Insurance Company,* 19 F.3d 375 (7th Cir.1994).

This court is not persuaded by any of these authorities. Reliance's out of circuit authorities are not binding on this court and, as the court has already noted, the Seventh Circuit, by which we are bound, has articulated a contrary position to Reliance on this issue. Moreover, for every case cited by Reliance upholding similar plan language, this court and plaintiff's counsel have found cases where such language has been found insufficient to confer discretion in the plan administrator. *See Kinstler v. First Reliance Standard Life Insurance Company,* 181 F.3d 243, 251 (2d Cir.1999) ("We agree ... that the language of First Reliance's policy is insufficient to preclude de novo review."); *Dionida v. Reliance Standard Life Ins. Co.,* 50 F.Supp.2d 934, 938 (N.D.Cal.1999) ("The LTD Plan in the present case contains no unambiguous grant of discretion to con-

strue its terms. Thus, *de novo* review is warranted.").

As for the *Donato* case, Reliance cites the following passage from *Herzberger* and claims that this passage endorses the holding in *Donato*. *See* Reliance's Motion, p. 4 (quoting *Herzberger*, 205 F.3d at 331):

> In some cases the nature of the benefits or the conditions upon it will make reasonably clear that the plan administrator is to exercise discretion. In others the plan will contain language that, while not so clear as our "safe harbor" proposal, indicates with the requisite if minimum clarity that a discretionary determination is envisaged. In our Donato case, for example, the entitlement to benefits was conditioned on submission of proof "satisfactory to us" (that is, to the plan administrator), and we ruled that the "to us" signaled the subjective, discretionary character of the judgment that was to be made.

A fair reading of this passage, in the context of the entire opinion, does not support the conclusion that Judge Posner was endorsing the holding in *Donato* In fact, the paragraph immediately following the one cited by Reliance above dispels any notion that the holding in *Donato* is dispositive here:

> *We hold that the mere fact that a plan requires a determination of eligibility or entitlement by the administrator, or* requires proof or satisfactory proof of the applicant's claim or requires both a determination and proof (or satisfactory proof), does not give the employee adequate notice that the plan administrator is to make a judgment largely insulated from judicial review by reason of being discretionary. Obviously a plan will not—could not, consistent with its fiduciary obligation to the other participants—pay benefits without first making a determination that the applicant was entitled to them. The statement of this truism in the plan document implies nothing one way or the other about the scope of judicial review of his determina-

tion, any more than our statement that a district court "determined" this or that telegraphs the scope of our judicial review of that determination. That the plan administrator will not pay benefits until he receives satisfactory proof of entitlement likewise states the obvious, echoing standard language in insurance contracts not thought to confer any discretionary powers on the insurer.

*Id.* at 332 (emphasis added).

Reliance argues that the above passage makes a distinction between a plan requiring a participant to submit "satisfactory proof" and the plan in *Donato* which required "satisfactory proof to us." In the former case, Reliance contends there would be *de novo* review because there is no indication of to whom satisfactory proof must be submitted but, in the latter, the addition of the "to us" language shows a reservation by the plan of discretion and signals the subjective intent necessary to warrant more deferential review. To this court, this is a distinction without much of a difference, considering that in even the former case, someone must make the determination, presumably Reliance in the absence of a third-party plan administrator, that the proof is satisfactory. Further, the portion of *Herzberger* quoted and highlighted above unequivocally states that the fact that a plan requires a participant to submit satisfactory proof to the administrator for the administrator to determine eligibility (i.e. "satisfactory proof to us") is insufficient to provide clear notice to the plan participant that the plan administrator has complete discretion to determine benefits. *Herzberger*, 205 F.3d at 332. Thus, despite Reliance's arguments to the contrary, the court concludes that the appropriate standard of review is de novo.

In closing, this court agrees with the sound public policy espoused by the Seventh Circuit in *Herzberger*:

> An employer should not be allowed to get credit with its employees for having an ERISA plan that confers solid rights on them and later, when an employee

seeks to enforce the right, pull a discretionary judicial review rabbit out of his hat. The employees are entitled to know what they're getting into, and so if the employer is going to reserve a broad, unchanneled discretion to deny claims, the employees should be told about this, and told clearly.

*Herzberger*, 205 F.3d at 333. The plan language in this case falls short of reserving a broad, unchanneled discretion to deny claims and thus, the defendant should not now be entitled to "pull a discretionary judicial review rabbit" out of its hat. Plaintiff's Motion for Partial Summary Judgment is therefore GRANTED; Reliance's Motion for Partial Summary Judgment is DENIED.

## CONCLUSION

Based on the foregoing, Plaintiff's motion for partial summary judgment is hereby GRANTED; Reliance's motion for partial summary judgment is hereby DENIED.